UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,                  22-cv-154 (SRN/DJF)

  v.

10. 301-309 (odd addresses) East Lake Street, Minneapolis, Minnesota,
11. 311-319 (odd addresses) East Lake Street, Minneapolis, Minnesota,
12. 3018 3rd Avenue South, Minneapolis, Minnesota,

        Defendants
and,

Abdiwahab Mohamud,
Golis Properties, LLC,
Bridge Capital, LLC,

        Claimants.

## STIPULATION FOR INTERLOCUTORY SALE OF REAL PROPERTY

The United States of America, through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, and Claimant Abdiwahab Mohamud, through his attorney, Jason Steck, Claimant Golis Properties, LLC, through its attorney, Amy Conners (together, the "Owner-Related Parties"), and Claimant Bridge Capital, LLC, through its attorney Michael Orme, stipulate as follows and move this Court for an order authorizing the immediate interlocutory sale, pursuant to the terms of this stipulation, of the following defendant properties:

    a. The real property with all structures located at 301-309 E Lake Street (odd addresses), Minneapolis, Minnesota, legally described as Lots 42, 43, 44, 45, 46, and 47, State Addition to Minneapolis, according to the recorded plat thereof, Hennepin County,

        Minnesota, with Property Tax Id. No. 03-028-24-11-0093 ("the 301 Property").

b. The real property with all structures located at 311-319 (odd addresses) E Lake Street, Minneapolis, Minnesota, legally described as Lots 38, 39, 40, and 41, State Addition to Minneapolis according to the recorded plat thereof together with all hereditaments and appurtenances, with Property Tax Id. No. 03.028-24-11-0092 ("the 311 Property").

c. The real property located at 3018 3rd Avenue South, Minneapolis, Hennepin County, Minnesota, legally described as Lot 5, Block 1, Baker's 2nd Addition to Minneapolis, with Property Tax Id. No. 03-028-24-12-0005 ("the 3018 Property," together, "the Defendant Real Properties").

The parties agree as follows:

1. January 21, 2021, the United States filed a Verified Complaint for Forfeiture In Rem in this matter. Through the Complaint, the United States seeks forfeiture of, among other things, the Real Properties

2. The United States has served notice of this civil forfeiture action in the manner provided by law on all parties believed to have an interest in the Defendant Real Properties. The United States has also published notice of this forfeiture action for at least 30 consecutive days on the government's internet forfeiture website, www.forfeiture.gov, commencing on March 1, 2022. (ECF No. 57.) In addition, the United States has posted a notices of the forfeiture on the Defendant Real Properties as required by 18 U.S.C. § 985(c)(1)(B).

3. Claimants each filed a Verified Claim through which they asserted an interest in the Defendant Real Properties (ECF Nos. 11, 38, 45).

4. No other person or entity has filed a claim in this matter regarding the

Defendant Real Property.

5. The Owner-Related Parties have listed the Defendant Real Properties for sale, and those properties were placed on the market for sale to a third party. The parties to this agreement stipulate and agree that the Defendant Real Properties should be sold for fair market value in order to preserve their value pending a final adjudication on the merits of the Indictment.

6. As the result of the marketing of the Defendant Real Properties, Golis Properties through its realtors/agents, has received purchase offers in the following amounts for the Defendant Real Properties:

   a. The 301 Property: $3,000,000;

   b. The 311 Property: $1,700,000;

   c. The 3801 Property: $200,000.

7. The parties agree that the above-described offers, which total $4,900,000, collectively represent a fair market price for the Defendant Real Properties.

8. The Claimants have been notified of the United States' intention to seek forfeiture of the Defendant Real Properties. The United States is not aware of any persons who may assert an ownership interest in the Defendant Real Properties other than the parties to this Stipulation. Two other owners/members of Golis Properties, LLC have been notified of this action and of the proposed sale of the Defendant Real Properties and have signed the Expedited Settlement Agreement and an analogous Stipulation for Interlocutory Sale in *United States v. Qamar Ahmed Hassan, et al.*, Criminal No. 22-224 (NEB/TNL), in which the same properties are also alleged to be subject to forfeiture.

9. The parties to this Stipulation agree that, in order to minimize taxes, mortgage payments, maintenance, insurance and other costs associated with the Defendant Real Property, an interlocutory sale pursuant to Supp. Fed. R. Civ. P. G(7)(b) is appropriate and in their respective best interests. A prompt sale would also minimize potential deterioration of the Defendant Real Properties and enable the lender to recover costs owing to it without further delay and risk.

10. The parties stipulate and agree, therefore, to pursue a prompt sale of the Defendant Real Properties pursuant to the following terms:

   a. The Owner-Associated Parties shall sell the Defendant Real Properties in accordance with the terms of the purchase agreements dated October 1, 2022 (for the 301 Property); October 2, 2022 (for the 311 Property); and September 26, 2022 (for the 3018 Property),[1] copies of which have been provided to the United States for a combined sale price of $4,900,000, as is set forth in more detail in in paragraph 6 above;

   b. The purchase price for the Defendant Real Properties will be a cash price;

   c. The net proceeds from the sale of the Defendant Real Properties will include all money realized from the sale of each property, less the following:

      i. Outstanding principal and interest due on any applicable mortgage

---

[1] The purchase agreements have been amended with respect to the closing dates, which have been postponed to allow the anticipated sale to be completed after this Court issues an Order approving this Stipulation and authorizing and interlocutory sale.

and note, including all amounts due to Bridge Capital LLC as is set forth in the parties' Expedited Settlement Agreement;

ii. The amounts due the holder of any other valid lien which was recorded prior to the Order Approving this Interlocutory Sale. Any such liens shall be paid in accordance with their legal priority;

iii. Real estate property taxes which are due and owing;

iv. Insurance costs, if any;

v. All costs incurred in connection with the forfeiture of the Defendant Real Properties, including any costs associated with inspection and appraisal of the Defendant Real Properties;

vi. Other reasonable and customary expenses associated with the sale, if any, including such expenses as escrow fees, realtor fees, document recording fees and title fees.

11. The parties have not yet determined the exact dollar amount, after payment of the expenses described above, that will be paid over to the United States as a result of the sale anticipated by this Stipulation. The Owner-Associated Parties and Bridge Capital agree that they will provide a copy of a closing statement or similar document to the United States in advance of the closing for the United States' review and approval.

12. The parties agree that the net proceeds will be paid over to the to the United States Marshals Service to be deposited in the Department of Justice Seized Asset Deposit Fund, and that those funds will serve as substitute res for the Defendant Real Properties in this action and be held pending the entry of a final order of forfeiture, further order of this

CASE 0:22-cv-00154-SRN-DJF   Doc. 67   Filed 12/28/22   Page 6 of 9
*United States v. 15418 Hampshire Lane, et al*; Civil No. 22-154 (SRN/DTS)
Stipulation for Interlocutory Sale

Court, or subsequent agreement of the parties.

13. The United States will have the same rights to forfeit the substitute res (i.e., the net proceeds) as it otherwise would have had to forfeit the Defendant Real Properties, which the government has asserted are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 981(a)(1). The Claimants will have the same defenses to forfeiture as they would otherwise have had with respect to the Defendant Real Properties.

14. Other than the mortgage held by Claimant Bridge Capital, the United States is not aware of any liens or encumbrances relating to the Defendant Real Properties as of this date, with the possible exception of real estate taxes, which the parties anticipate will be paid through the interlocutory sale.

15. The parties to this Stipulation agree that it will expire, and become null and void, in the event that the sale described above does not close on or before February 15, 2023, unless extended by subsequent agreement.

16. All parties to this Stipulation agree to cooperate as may be necessary to effectuate the sale of the Defendant Real Properties. In furtherance of the interlocutory sale, all parties to this stipulation agree to promptly execute any documents required to complete the interlocutory sale of the Defendant Real Properties. The United States will execute Discharges of its Notices of Lis Pendens upon receipt of the net proceeds from sales conducted in accordance with this stipulation.

17. The parties agree that Golis Properties will retain custody, control, and responsibility for the Defendant Real Properties until the interlocutory sale has been completed. They agree that Golis Properties will retain existing insurance, if any, on the

Defendant Real Properties until the interlocutory sale has been completed. They further agree that the Defendant-Interested Parties will be fully responsible for all usual and customary expenses associated with the Defendant Real Properties until the interlocutory sale has been completed, including payment of all mortgage payments (if any), real estate taxes, utilities expenses, and other expenses associated with the Defendant Real Properties, to the same extent they would otherwise be required if this Stipulation had not been executed.

18. The United States and Claimants Mohamud, Golis Properties, LLC, and Bridge Capital LLC, each agree that nothing in this Stipulation shall be deemed to be an admission by any party with respect to the any claim or petition that may be filed through which any party asserts a legal interest in the Defendant Real Properties.

19. All parties to this agreement agree to bear their own attorneys' fees and costs in connection with the interlocutory sale of the Defendant Real Properties, except to the extent that the Expedited Settlement Agreement includes some such fees with respect to the amounts to be paid to Bridge Capital.

20. The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

NOW, THEREFORE, the parties to this agreement stipulate to an Order authorizing the interlocutory sale of the Defendant Real Properties.

*United States v. 15418 Hampshire Lane, et al;* Civil No. 22-154 (SRN/DTS)
Stipulation for Interlocutory Sale

| | |
|---|---|
| Dated: 12-22-22 | ANDREW M. LUGER<br>United States Attorney<br><br>*s/Craig Baune*<br>BY: CRAIG R. BAUNE<br>Assistant U.S. Attorney<br>Attorney ID No. 331727<br>600 United States Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>Phone: 612-664-5600<br>Craig.baune@usdoj.gov |
| Dated: 12-27-22 | BEST & FLANAGAN LLP<br><br>*s/Amy S. Conners*<br>Amy S. Conners (#0387375)<br>Brian J. Linnerooth (#400162)<br>60 South Sixth Street, Suite 2700<br>Minneapolis, MN 55402<br>Telephone: (612) 339-7121<br>aconners@bestlaw.com<br>blinnerooth@bestlaw.com<br><br>Attorneys for Golis Properties, LLC |
| Dated: 12-27-22 | GOLIS PROPERTIES, LCC<br><br>*s/Abdiwahab Mohamud*<br>By: Abdiwahab Mohamud<br>Its: Third-party owner<br>Claimant |

*United States v. 15418 Hampshire Lane, et al;* Civil No. 22-154 (SRN/DTS)
Stipulation for Interlocutory Sale

| | |
|---|---|
| Dated: 12-27-22 | THE LAW OFFICE OF JASON STECK, LLC |
| | |
| | *s/Jason Steck* |
| | BY: JASON STECK |
| | Attorney ID No. 0393077 |
| | Law Office of Jason Steck, LLC |
| | 525 Park Street, Suite 320 |
| | St. Paul, MN 55103 |
| | Phone: (763) 402-1829 |
| | jason@jasonstecklaw.com |
| | |
| | Attorney for Claimant Abdiwahab Mohamud |
| | |
| Dated: 12-27-22 | ABDIWAHAB MOHAMUD |
| | |
| | *s/Abdiwahab Mohamud* |
| | Claimant |
| | |
| | ORME & ASSOCIATES, Ltd |
| | |
| Dated: 12-22-22 | *s/Michael J. Orme* |
| | Michael J. Orme |
| | Attorney ID No. 199333 |
| | 4040 Nicols Road |
| | Eagan, MN  55122 |
| | Phone: 651-688-7646 |
| | morme@ormelaw.com |
| | |
| | Attorneys for Bridge Capital, LLC |
| | |
| | BRIDGE CAPITAL, LLC |
| | |
| Dated: 12-22-22 | By: *s/Wayne W. Miller* |
| | Wayne W. Miller |
| | Its: Chief Manager |